UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE CO., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1641-TWP-TAB |
| | ) | |
| BARBARA STEWART | ) | |
| VONDETTA TUNSTALL | ) | |
| VERA DENISE ROUNDTREE, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
ON STEWART'S MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction**

This case requires the Court to decide a dispute over the life insurance proceeds for the late Billy Mitchell. Before Mr. Mitchell's death, he designated his wife, daughter, and friend as beneficiaries. Ms. Mitchell predeceased Mr. Mitchell, leaving their daughter, Vera Roundtree, and friend, Barbara Stewart, as the remaining beneficiaries. However, in November 2009, Mr. Mitchell called his insurer, MetLife, and requested over the phone that Defendant Vondetta Tunstall be named the sole beneficiary. After Mr. Mitchell passed away in May 2010, Roundtree discovered that Tunstall was the beneficiary on file with MetLife. Roundtree wrote a letter to MetLife contesting Tunstall's designation as a beneficiary. MetLife then filed this interpleader action. For the reasons below, the Magistrate Judge recommends that Stewart's motion for summary judgment [Docket No. 35] be granted and benefits be awarded equally to Stewart and Roundtree.

II.     **Background**

Billy Mitchell worked at Chrysler for thirty years.  He was a participant in Chrysler's

Group Life Insurance Plan, which was administered by MetLife.  On December 28, 1996, Mr.

Mitchell executed a beneficiary designation form identifying his wife, Emma Mitchell, daughter,

Vera Denise Roundtree, and friend, Barbara Stewart, as beneficiaries.  [Docket No. 37-3.]  On

January 8, 1997, Mr. Mitchell executed a new beneficiary designation form that identified his

daughter as the sole beneficiary.[1]  [*Id.*]  On December 10, 1997, Mr. Mitchell executed a

beneficiary form that reverted to naming his wife, daughter, and Stewart as beneficiaries.  [*Id.*]

This was the last beneficiary form executed by Mr. Mitchell.

On March 3, 2009, Ms. Mitchell predeceased Mr. Mitchell [Docket No. 37-5], leaving

Roundtree and Stewart as the remaining beneficiaries.  [Docket No. 37-2.]  On November 17,

2009, Mr. Mitchell called MetLife and told a customer service representative that he wanted to

name Tunstall as the sole beneficiary.  [*Id.* at 47–76.]  A confirmation letter was later sent to

Tunstall stating that she was entitled to 100% of the life insurance proceeds.  [Docket No. 52-1.]

On May 10, 2010, Mr. Mitchell passed away.  [Docket No. 37-4.]  After her father's death,

Roundtree discovered that Tunstall was listed as the sole beneficiary.  She wrote a letter to

MetLife contesting the payment of benefits to Tunstall, asserting that her father did not have the

mental capacity to change beneficiaries.  [Docket No. 37-6.]  A few days later, Tunstall

submitted a life insurance claim form requesting benefits.  [Docket No. 37-7.]

MetLife initiated an investigation and concluded that its "records hold[] that the last time

the beneficiary information got changed was on 11/17/2009 over the phone, post which we did

---

[1]His daughter's name varies between the beneficiary forms.

not receive any correspondence from participant to make any change in the listed beneficiary."
[Docket No. 37-2 at 60.]  MetLife then filed this interpleader action because it could not
determine the proper beneficiary.  [Docket No. 1 at 4.]  The Court ordered that the life insurance
funds be tendered to the Clerk of the Court to be held pending determination of the beneficiaries.
[Docket No. 26.]

**III.    Discussion**

       *A.        Undisputed facts*

       As an initial matter, the foregoing facts are undisputed.  Although Defendant Stewart
failed to comply with Local Rule 56-1(a) and include a section labeled "Statement of Material
Facts Not in Dispute," Defendant Tunstall also did not comply with Local Rule 56-1-(b) and
include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially
determinative facts and factual disputes.  However, Tunstall included an argument section
labeled "Absence of genuine issue of material facts not demonstrated."  [Docket No. 52 at 1.]
This section only asserts that she is factually disputing whether Mr. Mitchell had the mental
capacity to change beneficiaries.  Accordingly, other than the facts related to Plaintiff's mental
capacity, the Court treats the above facts as undisputed.  *See Metro. Life Ins. Co. v. Johnson*, 297
F.3d 558, 562–63 (7th Cir. 2002).

       *B.        Validity of November 2009 beneficiary change*

       Turning to whether Tunstall is the proper beneficiary, Stewart asserts that the November
2009 call to customer service does not comport with the plan and is therefore an invalid change
of beneficiaries.  This issue is governed by the Employee Retirement Income Security Act of
1974.  *See Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 564 (7th Cir. 2002).  ERISA requires

that:

> a plan shall 'specify the basis on which payments are made to and from the plan,' § 1102(b)(4), and that the fiduciary shall administer the plan 'in accordance with the documents and instruments governing the plan,' § 1104(a)(1)(D), making payments to a 'beneficiary' who is 'designated by a participant, or by the terms of [the] plan.' § 1002(8).

*Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001). Mr. Mitchell's plan provides:

> You may designate or change your beneficiary at any time by calling Benefit Express at 1-888-456-7800 to request a form or go to http://resources.hewitt.com/daimierchrysler to designate or change them online.

> Any changes of beneficiary becomes effective the date you sign the form or your online change has been confirmed unless the Insurance Carrier has paid a benefit before it received the signed form.

> If you designate more than one beneficiary, the surviving beneficiaries will share equally, unless you specify otherwise.

[Docket No. 37-1 at 16.]

Neither party claims that Mr. Mitchell designated Tunstall as a beneficiary by using the online method. Moreover, neither party claims that Mr. Mitchell designated Tunstall as a beneficiary by executing any portion of a beneficiary designation form. Instead, Tunstall asserts that "Mitchell phoned the Chrysler Benefits Express Office requesting a change of beneficiary form as he had done several times before being familiar with the change policy, we were informed that due to manual updates the changes could be processed over the phone which the customer service rep proceeded to do." [Docket No. 52 at 1.] This explanation is problematic for several reasons.

First, Tunstall has not provided any affidavit or other evidence to support her explanation. *See* Fed. R. Civ. P. 56(c). Second, a party may not rely upon inadmissible hearsay to oppose summary judgment, which is what Tunstall seeks to do by relying upon the alleged

4

statement of an unidentified customer service representative to prove that she is entitled to benefits.  *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).  Finally, even if Tunstall had supported this statement with admissible evidence, the plan only permits Mr. Mitchell to request a form over the phone, not change beneficiaries over the phone.  [Docket No. 37-1 at 16.] Because Mr. Mitchell did not execute any part of a beneficiary designation form that named Tunstall as a beneficiary, she is not a valid beneficiary under the plan.[2]  Accordingly, Stewart and Roundtree will share the benefits equally since Mr. Mitchell did not specify otherwise.

**IV.     Conclusion**

For the reasons above, the Magistrate Judge recommends that Stewart's motion for summary judgment [Docket No. 35] be granted and benefits be awarded equally to Stewart and Roundtree.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated:   02/12/2013

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2]In light of this conclusion, the Court need not address the mental capacity allegation.

5

Copies to:

Robert Eugene Feagley II
LEE COSSELL KUEHN & LOVE LLP
bfeagley@nleelaw.com

Nathaniel  Lee
LEE FAIRMAN LLP
nlee@nleelaw.com

Konstantine (Kim) G. Orfanos
ORFANOS & ALVARADO LLC
orfanoskg@yahoo.com

Mark E. Schmidtke
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. - Valpo
mark.schmidtke@ogletreedeakins.com

Cari L. Sheehan
LEE FAIRMAN LLP
csheehan@nleelaw.com

VONDETTA TUNSTALL
4075 Byram Avenue
Indianapolis, IN 46208

6